**Peter J. SILVERO, Petitioner,**

v.

**CHIEF OF NAVAL AIR BASIC TRAINING and Commanding Officer, Naval Aviation Schools Command, Pensacola, Florida, Respondents.**

**No. PCA 2091.**

United States District Court
N. D. Florida,
Pensacola Division.

July 11, 1969.

David E. Glassman, Pensacola, Fla., for petitioner, in support of the petition.

C. W. Eggart, Jr., First Asst. U. S. Atty., and Lieutenant Homer Moyer, U. S. Naval Reserve, Office of the Judge Advocate General of the United States Navy, for respondents.

ORDER

ARNOW, District Judge.

Petitioner filed a petition for a Writ of Habeas Corpus in the United States District Court, Northern District of Florida, Pensacola Division, on the grounds that Respondents were unlawfully holding him for trial by general court-martial; that said court-martial did not have jurisdiction over the alleged offenses; that the restraint imposed pending said trial was unlawful since military tribunals lacked authority to adjudicate the alleged offenses.

This Court issued an order to show cause why such Writ should not be issued.

A hearing was conducted on the 10th day of July, 1969, and after hearing

David E. Glassman, Esquire, Attorney for the petitioner, in support of the petition, and Honorable C. W. Eggart, Jr., First Assistant U.S. Attorney, and Lieutenant Homer Moyer, U.S. Naval Reserve, Office of the Judge Advocate General of the United States Navy, in opposition thereto, and due deliberation having been had; it is,

 Ordered, that the Writ of Habeas Corpus prayed for is justified and should issue and does hereby issue since the Respondents are and have been holding Petitioner for trial by General Court-Martial for alleged offenses over which military authorities possess no jurisdiction and that Petitioner will be discharged from custody; however, due to the serious nature of the alleged offenses, the fact that there is presently outstanding a warrant for this Petitioner under state law, and that the Naval authorities believe they have a right to continue his restraint and that they do have that right, should this order be reversed on any appeal taken, the Petitioner's release from restraint shall be effected in accordance with the following provisions:

a. The Petitioner shall continue under the restraint presently imposed for a period of not longer than twenty-one (21) days from the date hereof, unless, during said 21 days, Respondents shall file a notice of appeal in the Court of Appeals for the Fifth Circuit, in which event the current restraint shall continue until disposition is made of said appeal.

b. In the event notice of appeal is not filed within twenty-one (21) days, or it is determined by Respondents that appeal will not be taken, whichever sooner occurs, Petitioner will be made available to civilian authorities of Escambia County, Florida, for such action as they deem appropriate.

c. If said civilian authorities fail to take Petitioner into custody within ten (10) days following notification of his availability for delivery, Petitioner will be released from any and all restraint imposed upon him by Respondents.

Nothing contained herein is intended to, nor shall it, deprive naval authorities of their statutory authority to take such administrative action, as distinguished from judicial action, to separate the Petitioner from the naval service as provided by law.